UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

ROBERT J. DENBOWSKI,                    :          Case No. 05-29213T
      *Debtor(s)*
                                         :

                                         :

**ORDER**

AND NOW, this 30th day of November, 2005, it is ORDERED that the motion filed by Dionisios Kotsakis, attorney-in-fact for Olga Kalli ("Movant"), requesting dismissal of this chapter 13 case with prejudice under 11 U.S.C. §109(g)(2) is GRANTED as the court finds that Debtor filed this chapter 13 bankruptcy petition in violation of 11 U.S.C. §109(g)(2) since Debtor filed this chapter 13 petition on November 1, 2005, which is within 180 days of the date that Debtor's prior chapter 13 bankruptcy case, docketed to Case No. 05-23056T, was voluntarily dismissed after Movant's filing of a section 362(d) motion. See In re Munkwitz, 235 B.R. 766 (E.D. Pa. 1999); Collier on Bankruptcy, 15th Ed. Rev., ¶109.08 at 109-52-3 ("the debtor who obtains voluntary dismissal of the case when faced with a motion for relief from the section 362 stay, or after such relief has been granted, may not immediately refile and thereby frustrate the creditors' attempts at having their rights adjudicated within a reasonable time").[1]

---

1. To explain, Debtor and his wife, Lucy A. Denbowski, filed a chapter 13 petition on May 23, 2005, docketed to Case No. 05-23056T. On July 26, 2005, Movant filed a section 362(d) motion. A hearing was held on this motion on September 13, 2005, after which an order was on that same day granting Movant's motion. Debtors then filed a motion on September 15, 2005 seeking a voluntary dismissal of their chapter 13 case, which motion was granted on September 16, 2005.

    On September 8, 2005, Debtor's wife, Lucy A. Denbowski ("Mrs. Denbowski"), filed a chapter 13

IT IS FURTHER ORDERED that Debtor is hereby barred from filing any future petition under the Bankruptcy Act unless he is first granted leave of court, after proper motion, notice and hearing.

Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge

---

petition, docketed to Case No. 05-25279T. On September 28, 2005, Movant filed a motion to dismiss Mrs. Denbowski's case with prejudice. Mrs. Denbowski failed to file a response to this motion and failed to appear at the hearing held on this motion on October 27, 2005. Consequently, an Order was entered on October 27, 2005 dismissing Mrs. Denbowski's chapter 13 case with prejudice and barring her from filing another petition under the Bankruptcy Act without leave of court.

Thereafter, on November 1, 2005, Debtor filed this chapter 13 petition. On November 3, 2005 Movant filed the motion to dismiss this case with prejudice which is presently before us, along with a motion for expedited hearing. We granted Movant's motion for expedited hearing and a hearing was thereafter held on Movant's motion to dismiss with prejudice on November 10, 2005. Both Movant and Debtor appeared at this hearing and a briefing order was entered. As both parties have filed their briefs, Movant's motion to dismiss this case with prejudice is now ready for disposition.

As can be seen from a review of the facts set forth above, it is obvious that Debtor filed this case in violation of section 109(g)(2) since Debtor's first case (docketed to Case No. 05-23056T) was voluntarily dismissed on September 15, 2005, after the filing of a section 362(d) motion by Movant, and Debtor thereafter filed the present chapter 13 petition within 180 days of the date that Debtor's prior case was voluntarily dismissed. As the prohibition against subsequent filings set forth in section 109(g)(2) is mandatory, see Munkwitz, 235 B.R. at 768, we must grant Movant's motion to dismiss this case with prejudice.